UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Case No. _____

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 28 2024

KEVIN P. WEIMER, Clerk
By_____ Deputy Clerk

PAUL HANSMEIER,
　　Plaintiff,

v.

MARTEZ ENGLISH,
　　Defendant.

COMPLAINT / JURY TRIAL DEMANDED

1:24-CV-2335

Plaintiff Paul Hansmeier ("Plaintiff"), proceeding pro se, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

I. Nature of the Case.

　　1. Plaintiff files this action for copyright infringement under the United States Copyright Act. Defendant Martez English ("Defendant") knowingly and unlawfully reproduced Plaintiff's copyrighted works. Plaintiff seeks a permanent injunction, statutory or actual damages, an award of costs and all other relief the Court deems just and equitable to curb this behavior.

II. The Parties.

　　2. Plaintiff Paul Hansmeier is a natural person who lives in Sandstone, Minnesota, and is the author and copyright holder of the works at issue in this action.

　　3. The creative works at issue in this action are Plaintiff's poetic works. The works are specifically identified in Exhibit A to this Complaint along with their Library of Congress registration number (the "Works").

　　4. Defendant Martez English is a natural person who lives in Lithonia, Georgia. Defendant used IP address 76.17.123.213 on April 24, 2024, to unlawfully reproduce the Works.

III. Jurisdiction and Venue.

　　5. The Court has subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. 101, et seq., (the Copyright Act), 28 U.S.C. 1331 (actions arising under the laws of the United States), and 28 U.S.C. 1338(a) (actions arising under an Act of Congress relating to copyrights).

　　6. The Court has personal jurisdiction over Defendant because Defendant lives in the State of Georgia and committed the acts alleged herein in the State of Georgia.

　　7. Venue is properly founded in this judicial district pursuant to 28 U.S.C. 1391(b) and 1400(a) because Defendant resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District.

IV. Background.

　A. Plaintiff's History in Copyright Enforcement.

　　8. Plaintiff is serving a 14-year term of imprisonment for mail-wire fraud conspiracy and money laundering conspiracy based on his involvement in copyright enforcement actions.

　　9. In those actions, Plaintiff's team acquired copyrighted works, assigned them to holding companies, uploaded them to a notorious piracy website (the Pirate Bay) and pursued copyright infringement claims against the people who pirated the works.

10. After much litigation over whether this conduct fell within the scope of the mail-wire statutes, the U.S. Court of Appeals for the Eighth Circuit held that the indictment stated a claim for mail-wire fraud conspiracy. The appellate decision held in relevant part that Plaintiff's team breached their affirmative duty of disclosure owed by officers of the court in discovery applications submitted to federal district courts. Specifically, Plaintiff's team failed to disclose:

    a. Plaintiff's and his law partner's financial interest in the copyright infringement claims; and

    b. That the team purchased and uploaded the subject works to the Pirate Bay with the intent to sue people who pirated the works.

11. In this action, Plaintiff is proactively addressing the government's concerns with his prior copyright enforcement actions by doing the following:

    a. Plaintiff is appearing personally in this case (versus via a business organization), which makes clear that Plaintiff has a financial interest in the outcome of this case;

    b. Plaintiff is disclosing that he created poetic works and has uploaded them to the Internet with the intent to file copyright infringement claims against people who pirate the Works; and

    c. Plaintiff is not appearing as or via an officer of the Court. Rather, Plaintiff is proceeding pro se. The government's theory of fraud was inextricably intertwined with the affirmative disclosure obligations owed by officers of the Court and does not apply in the pro se context.

B. The Works and Defendant's Infringement.

12. Plaintiff is the author of several poetic works. The subject matter of the poetic works includes interpretations of the federal criminal justice system, descriptions of the day-to-day life of a federal prisoner, descriptions of cases that impact the federal prisoner and random musings.

13. The poetic works are available for sale on the Internet.

14. Plaintiff published the Works on the Internet via his website. Plaintiff's website contains a disclaimer warning visitors against downloading the Works without obtaining Plaintiff's express written permission and a copyright notice identifying Plaintiff as the Works' copyright holder.

15. On April 24, 2024, notwithstanding the copyright notice and Plaintiff's disclaimer, Defendant used IP address 76.17.123.213 to access Plaintiff's website and reproduce Plaintiff's Works without Plaintiff's authorization.

16-19. [Reserved].

V. Allegations Common to all Counts.

20. Plaintiff is the author and owner of the Works.

21. The Works are registered with the Library of Congress. Their titles and registration numbers are identified in Exhibit A.

22. The Works are marked with a copyright notice that would provide an ordinary individual with notice that the Works are protected by the copyright laws of the United States.

23. Defendant, on April 24, 2024, using IP address 76.17.123.213, without Plaintiff's authorization or license, intentionally reproduced the Works.

VI. Count I---Copyright Infringement.

24. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraph as if fully set forth fully herein.

25. Defendant's conduct infringes on Plaintiff's exclusive right of reproduction.

26. Defendant knew or had constructive knowledge that his acts constituted copyright infringement of Plaintiff's Works.

27. Defendant's conduct was willful within the meaning of the Copyright Act, intentional, and with indifference to Plaintiff's rights.

28. Plaintiff has been damaged by Defendant's conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate Plaintiff for all of the possible damages stemming from his conduct.

29. Plaintiff hereby reserves the right, pursuant to 17 U.S.C. 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

30. As Defendant's infringement was intentional and willful, Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of suit.

31. The legal basis for Plaintiff's claims is set forth in Exhibit B hereto.

VII. Jury Demand.

32. Plaintiff hereby demands a jury trial in this case.

VIII. Prayer for Relief.

WHEREFORE, Plaintiff respectfully requests Judgment and relief as follows:

1) Judgment against Defendant that he has: a) willfully infringed Plaintiff's rights in federal registered copyrights pursuant to 17 U.S.C. 501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint;

2) Judgment in favor of the Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. 504, at the election of Plaintiff, in an amount to be ascertained at trial;

3) An order of impoundment under 17 U.S.C. 503 and 509(a) impounding all infringing copies of Plaintiff's Works which are in Defendant's possession or under his control;

4) Judgment in favor of Plaintiff against Defendant awarding Plaintiff his litigation expenses (including fees and costs of expert witnesses) and other costs of this action; and

5) Judgment in favor of Plaintiff against Defendant awarding Plaintiff declaratory and injunctive relief or other equitable relief as may be just and warranted under the circumstances.

Respectfully submitted,

_____     Dated: May 12, 2024

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

| [1]  | Hansmeier, Paul | End Crime.          | TX0009200415 2022 |
|------|-----------------|---------------------|-------------------|
| [2]  | Hansmeier, Paul | Federal Courts.     | TX0009282082 2023 |
| [3]  | Hansmeier, Paul | Gate Pass.          | TX0009282083 2023 |
| [4]  | Hansmeier, Paul | Jimmy.              | TX0009302976 2023 |
| [5]  | Hansmeier, Paul | Ode to Bruen.       | TX0009237772 2023 |
| [6]  | Hansmeier, Paul | One Hundred.        | TX0009238000 2023 |
| [7]  | Hansmeier, Paul | Power of a Word.    | TX0009302964 2023 |
| [8]  | Hansmeier, Paul | Red Eyes.           | TX0009302990 2023 |
| [9]  | Hansmeier, Paul | Solution to Addiction. | TX0009190651 2022 |
| [10] | Hansmeier, Paul | Tips.               | TX0009302979 2023 |
| [11] | Hansmeier, Paul | Word Study.         | TX0009302960 2023 |

Exhibit A - 001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

PAUL HANSMEIER,
    Plaintiff,

v.

MARTEZ ENGLISH,
    Defendant.

## I. Introduction.

This memorandum discusses the legal basis for Plaintiff's claims.

### A. Discussion.

The Copyright Act grants copyright owners certain exclusive rights. The exclusive rights granted by the Copyright Act extend to the Internet. The Copyright Act authorizes a private right of action for violations of these exclusive rights. A prima facie claim for copyright infringement is established by copyright ownership and copying of a protected work. Plaintiff's complaint establishes a prima facie claim for copyright infringement. It is Defendant's burden to plead and prove an affirmative defense to Plaintiff's prima facie claim, including an "authorization" defense. An "authorization" affirmative defense would be futile.

    1. The Copyright Act grants copyright owners certain exclusive rights.

Plaintiff's copyright claims arise under the Copyright Act of 1976, Pub. L. 94-553 (1976), codified as amended at 17 U.S.C. Ch. 1-14. Under the Copyright Act, the copyright holder has the exclusive right to do and authorize a number of activities, including "reproducing the copyright-protected work." 17 U.S.C. 106(1).

    2. The exclusive rights granted by the Copyright Act extend to the Internet.

A copyright holder's exclusive rights to reproduce, distribute, and publicly display their protected works extends to the Internet. See, e.g., Steward v. Aboud, 495 U.S. 207, 220 and n.3 (1990) (copyright holder has "bundle of exclusive rights" under section 106) and Capitol Records, Inc. v. Thomas-Rassett, 692 F.3d 889, 903 (8th Cir. 2012) (Internet user violates copyright holder's "exclusive right to reproduction and distribution" under section 106 by uploading and making digital file available via Internet-based piracy service).

    3. The Copyright Act authorizes a private right of action for violations of the exclusive rights.

The Copyright Act declares that "[a]nyone who violates any of the exclusive rights of the copyright owner ... is an infringer of the copyright." 17 U.S.C. 501(a). The Act further empowers the copyright owner to "institute an action for the infringement of that particular right" in the appropriate court of law." 17 U.S.C. 501(b).

    4. A prima facie claim for copyright infringement is established by showing copyright ownership and copying of the protected work.

To establish civil liability for infringement, the plaintiff may show ownership of a valid copyright to a protected work and copying of the constituent elements of the protected work. Feist Pubs., Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). A person who downloads a copyright-protected work via the Internet without authorization violates the copyright owner's exclusive rights and is therefore liable for a civil action under the Act. See, e.g., Thomas-Rassett, 692 F.3d at 902-08 (person who downloads copyrighted works from the Internet liable under the Copyright Act).

Exhibit B - 001

5. Plaintiff's complaint establishes a prima facie claim for copyright infringement.

Plaintiff's complaint establishes a prima facie claim for copyright infringement. It alleges ownership of valid copyrights by identifying the titles and registration numbers of copyrights that Plaintiff owns. It alleges copying by identifying Defendant and alleging the date and IP address Defendant used to access Plaintiff's website to download Plaintiff's works. These allegations are sufficient to establish a prima facie claim for copyright infringement. See, e.g., Feist Pubs. Inc., 499 U.S. at 361.

6. Defendant bears the burden of pleading and proving affirmative defenses to Plaintiff's prima facie claim, including an authorization defense.

A copyright holder can make out a prima facie case of copyright infringement regardless of the question of whether a defendant's copying was "authorized," because "authorization" is not among the elements of the prima facie claim. See Feist Pubs., Inc., 499 U.S. at 361. Rather, the question of "authorization" is an affirmative defense which must be raised and substantiated by the infringement defendant. See 4 Nimmer on Copyright, Section 13.01(C)(1) (Lexis ed. 2019)

7. An authorization affirmative defense would be futile.

Plaintiff's copyright enforcement strategy is akin to the enforcement strategy used by the plaintiff in Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345 (8th Cir. 1994). In Olan Mills, a photo studio created works to aid an infringement investigation and hired a third-party to approach suspected infringers and provide an opportunity to infringe. The photo studio then brought copyright infringement claims against parties who infringed. A copyright infringement defendant obtained dismissal at the district court level by asserting an "authorization" defense. The Eighth Circuit reversed, noting that the copyright enforcement scheme was "not different from investigative schemes that have been upheld in other copyright enforcement cases in this and other circuits." Id. at 1348. The Eighth Circuit noted that the photo studio did not authorize its investigator to validate infringing conduct; rather, the investigator's assignment was to catch infringers. The Eighth Circuit ordered the district court to enter judgment in the copyright holder's favor.

Olan Mills is a central decision in the law of copyright enforcement. Indeed, the Olan Mills decision was informed by the submissions of prominent amicus curiae, including the Recording Industry Association of America, the Professional Photographers of America, Inc., the Newsletter Publishers Association, Inc., Turner Broadcasting System, Inc. and the Association of American Publishers. Amici demonstrated the importance of this copyright enforcement strategy to effective copyright enforcement. The reasons given by amici are, if anything, more important in the age of rampant Internet-based infringement.

The Olan Mills decision has been applied to Internet infringement cases. See Atlantic Recording Corp. v. Howell, 544 F. Supp. 2d 976, 985 (D. Ariz. 2008) (citing Olan Mills and holding that investigator downloads could form the basis of copyright infringement claim because 'the recording companies obviously did not intend to license [the investigator] to authorize distribution or to reproduce copies of their works. Rather, the investigator's assignment was part of the record companies' attempt to stop Howell's infringement, and therefore the 12 copies obtained by [the investigator] are unauthorized."). "Authorization" defenses are uniformly rejected in Internet infringement cases. See, e.g., Arista Records LLC v. Lime Group LLC, 06 CV 5936, at *15 (KMW) (S.D.N.Y. Mar. 30, 2011) ("Defendants argue further that, because the only downloads that Plaintiffs have established were performed by their own investigators, Plaintiffs have not met their burden to show 'unauthorized copying' of Plaintiffs' works." These arguments have been "uniformly rejected by courts."). The leading copyright treatise advises that a copyright holder's "use of ... undercover investigators and the like to ferret out infringement is routine and provides no defense." 4-13 Nimmer on Copyright 13.09[B].

In a decision that post-dates Hansmeier's indictment, a copyright infringement defendant cited Plaintiff's tactics in an attempt to defend against a copyright infringement claim. The district court described the defendant's position as "frivolous" and "legally-unsupported." The district court accused defendant's counsel as "fail[ing] to grasp the fundamentals of copyright protection." The district court assisted defendant's counsel by explaining, "Whether it is possible to download a photo and use it without payment ... and whether it is legal to do so are distinct questions, just as whether it is possible to take an unlocked bike from a neighbor's porch without permission is a different question from whether it is legal to do so." Harrington v. Aerogelic Ballooning, LLC, 18-cv-2023 (MSK/NYW) (Aug. 8, 2019).

For all of these reasons, an authorization defense would be futile.

III. Conclusion.

The Works are protected by the Copyright Act against unauthorized reproduction, including unauthorized reproduction that

Exhibit B-002

occurs via the Internet. Taken as true, Plaintiff's allegation that Defendant copied the Works subject to copyrights owned by Plaintiff is sufficient to establish a prima facie claim for infringement. Defendant bears the burden of establishing a defense to Plaintiff's claim, but an authorization defense would be futile.

Respectfully submitted,

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

Exhibit B-003