

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
Case No. 1:24-cv-2335

PAUL HANSMEIER,
   Plaintiff,

v

MARTEZ ENGLISH,
   Defendant.

MOTION TO EXTEND TIME TO COMPLETE SERVICE

    Plaintiff Paul Hansmeier respectfully moves the Court to extend his time under Federal Rule of Civil Procedure 4(m) until 90 days after the Court has concluded its complaint screening to complete service of his summons and complaint on Defendant Martez English. In support of this request, Plaintiff states as follows:

    1. Plaintiff initiated this action in late-May/early-June 2024. Plaintiff timely requested summons from the Clerk of Court, but the Clerk is awaiting the conclusion of the Court's Prison Litigation Reform Act ("PLRA") complaint screening before issuing summons.

    2. Good cause exists to extend Plaintiff's time to complete service.

    3. First, Plaintiff has been diligent in pursuing service. He filed his complaint, paid the filing fee and requested summons. Plaintiff has done everything in his power to complete service and his inability to complete service to date is a standard byproduct of the PLRA complaint screening process.

    4. Second, there is no readily-apparent reason why Plaintiff's complaint should fail the the PLRA complaint screening process.

    5. The PLRA requires the Court to screen and dismiss Plaintiff's complaint if the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.

    6. Plaintiff's complaint is not malicious. Plaintiff does not harbor ill will towards Defendant, other than to the extent that Plaintiff contends that Defendant is liable to him for copyright infringement.

    7. Plaintiff's complaint is not frivolous. To proceed on a copyright claim, Plaintiff must prove that he owns copyrights and that Defendant infringed those copyrights. Plaintiff's ownership of copyrights is a judicially-noticeable fact. Plaintiff's contention that Defendant infringed his copyrights by copying Plaintiff's works via the Internet is a contention that, if proven, would establish infringement.

    8. Plaintiff's complaint states a claim upon which relief may be granted. To state a prima facie claim of copyright infringement, a plaintiff must allege ownership of a copyright and the Defendant's copying. Plaintiff's complaint identifies the copyrights at issue, provides registration numbers for those copyrights and alleges the who, what, where, when and how of the Defendant's copying. These allegations are adequate to state a claim for copyright infringement.

    9. Concededly, Plaintiff's litigation history would naturally give the Court some pause.

    10. All Plaintiff can say about this is that he has attempted to proactively address the issues that the prosecutors in his case had with his prior copyright enforcement efforts. He has done so by appearing personally as the plaintiff and by affirmatively disclosing his use of Olan Mills-style copyright enforcement tactics.

    11. Plaintiff would further state that there are important policy interests that are served by effective copyright enforcement in the Internet age. We cannot expect creative professionals to make works available to the public if those works will just be pirated.

12. For whatever harm his prior litigation inflicted, it should also be recognized that the litigation provided a substantial deterrent to piracy. Plaintiff hopes that the proactive changes he made to his litigation methods will maintain the benefit of the deterrant while addressing the concerns that gave rise to his criminal prosecution.

For these reasons, the Court should grant this motion.

_/s/ Paul Hansmeier_　　　　　　　　　　　　　　　Dated: 10/14/24

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072.

COMMITTED NAME: Paul Hansmeier
REG. NO. & QTRS.: 20953-041  Unit F
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
SANDSTONE, MN 55072

SAINT PAUL MN 550

15 OCT 2024 PM 4 L



⇔20953-041⇔
Clerk Of Court
75 TED Turner DR SW
Room 2211
Atlanta, GA 30303-3361
United States

CLEARED DATE
OCT 18 2024
U.S. Marshals Service
Atlanta, GA 30303

30303-331861