IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PAUL HANSMEIER, | : | PRISONER CIVIL ACTION |
| Plaintiff, | : | 28 U.S.C. § 1331 |
| | : | |
| v. | : | |
| | : | |
| MARTEZ ENGLISH, | : | CIVIL ACTION NO. |
| Defendant. | : | 1:24-CV-02335-SDG-RDC |

**ORDER**

Plaintiff Paul Hansmeier, confined at Federal Correctional Institution Sandstone in Sandstone, Minnesota, filed a complaint alleging copyright infringement. (Doc. 1.) Plaintiff has paid the filing fee.

Plaintiff, a disbarred attorney, is a "notorious copyright troll." Barbara L. Jones, *Paul Hansmeier agrees to suspension*, Minn. Lawyer, https://minnlawyer.com/2016/07/07/copyright-troll-hansmeier-agrees-to-suspension/ (July 7, 2016). Indeed, Plaintiff is currently serving a 168-month sentence in federal prison for "orchestrating a multi-million dollar fraud scheme to obtain payments from extortion victims to settle sham copyright infringement lawsuits by lying to state and federal courts throughout the country." U.S. Attorney's Off., Dist. of Minn., *Minnesota Attorney Sentenced To 168 Months In Prison For Multi-Million Dollar Pornography Film Copyright Fraud Scheme*, U.S. Dep't of Justice, https://www.justice.gov/usao-mn/pr/minnesota-attorney-

sentenced-168-months-prison-multi-million-dollar-pornography-film (June 14, 2019); *see also United States v. Hansmeier*, No. 0:16-cr-00334-JNE-KMM-1, Doc. 136 (D. Minn. June 17, 2019), *aff'd*, *United States v. Hansmeier*, 988 F.3d 428 (8th Cir. 2021). Yet despite his conviction, Plaintiff continues to engage in copyright infringement litigation. In 2023, the United States District Court for the District of Minnesota rejected Plaintiff's attempts to protect himself from further criminal prosecution for filing copyright infringement lawsuits from prison. Jon Brodkin, *Prenda Law lawyer loses attempt to file more piracy lawsuits from prison*, Ars Technica, https://arstechnica.com/tech-policy/2023/01/prenda-law-lawyer-loses-attempt-to-file-more-piracy-lawsuits-from-prison/ (Jan. 27, 2023); *Hansmeier*, No. 0:16-cr-00334-JNE-KMM-1, Doc. 272.[1]

Having been rejected by that court, it is curious that Plaintiff would proceed to file a copyright infringement lawsuit in this Court, and it is not clear whether Plaintiff filed his lawsuit in this Court as a way to evade detection, or whether he truly wishes to pursue "socially valuable" litigation. *Hansmeier*, No. 0:16-cr-00334-JNE-KMM-1, Doc. 270 at 2. Regardless, the Court is gravely concerned that

---

[1] Plaintiff is subject to a filing restriction in the United States District Court for the District of Minnesota with respect to filing copyright infringement actions or private enforcement actions under the Americans with Disabilities Act (ADA) against various government officials. *Hansmeier v. MacLaughlin*, No. 21-1167, 2022 WL 748484, at *7 (D. Minn. Mar. 11, 2022).

Plaintiff—despite his protestations to the contrary, (Doc. 1 at 2)—may be attempting to use this Court to engage in the very same criminal activity that led to his conviction and imprisonment. Under no circumstances will the Court allow itself to be used to perpetuate criminal acts. In light of the above, the Court believes that it is in the interest of justice that officials in Minnesota be notified of Plaintiff's activities in this district. Accordingly, the Clerk is **DIRECTED** to send a copy of this Order to the United States Attorney for the District of Minnesota, with a reference to *United States v. Hansmeier*, No. 0:16-cr-00334-JNE-KMM-1 (D. Minn. filed Dec. 14, 2016). Nevertheless, the Court is mindful that Plaintiff is entitled to seek legitimate relief in this Court, and the Court will proceed to evaluate Plaintiff's complaint.

With respect to Plaintiff's complaint, this matter is before the Court for initial screening pursuant to 28 U.S.C. § 1915A. Under § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). Thus, a claim based on an "indisputably

3

meritless legal theory" is subject to dismissal. *Id.* (internal quotation marks omitted). Furthermore, although a court must generally accept a well-pleaded allegation as true, § 1915A grants a court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). In light of Plaintiff's background and history, and especially to avoid the possibility that Plaintiff might be using this Court in furtherance of criminal activities resembling those for which Plaintiff has been convicted, the Court will take special care to evaluate Plaintiff's allegations.

"To avoid dismissal for failure to state a claim, a complaint must include factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). A well-pleaded complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets and internal quotation marks omitted). Ultimately, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint describing misconduct that is merely possible, as opposed to plausible, "has alleged—but it

has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (brackets and internal quotation marks omitted). Similarly, "an unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient to "nudge[]" a claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

To succeed on a claim of copyright infringement, a plaintiff "must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1301 (11th Cir. 2020) (internal quotation marks omitted).

According to Plaintiff's complaint, Plaintiff has created a number of copyrighted poetic works (the "Works"), which have been registered with the United States Copyright Office. (Doc. 1 at 2.) He states that he created these Works and has "uploaded them to the Internet with the intent to file copyright infringement claims against people who pirate the Works." (*Id.*) He explains that he published these Works on his website, which contains a disclaimer warning visitors against downloading the Works without his express written permission. (*Id.*) Plaintiff alleges that on April 24, 2024, using the Internet Protocol (IP) address of 76.17.123.213, Defendant Martez English, "without Plaintiff's authorization or license, intentionally reproduced the Works." (*Id.*) Plaintiff further alleges that

5

Defendant knew that his acts constituted copyright infringement, and Plaintiff has been damaged by these acts. (*Id.* at 3.)

Plaintiff's allegation that Defendant infringed Plaintiff's Works is conclusory. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Plaintiff provides no details as to what actions Defendant took to infringe Plaintiff's Works and how Plaintiff knows that Defendant did so. Instead, he simply states that "Defendant used IP address 76.17.123.213 to access Plaintiff's website and reproduce Plaintiff's Works without Plaintiff's authorization." (Doc. 1 at 2.) Furthermore, Plaintiff states that a certain IP address was responsible for the infringement. However, Plaintiff provides no information explaining how he knows that Defendant is behind that IP address. *See Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018) ("The direct infringement claim fails because Gonzales's status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer."). As a result of these deficiencies, Plaintiff shall be required to file an amended complaint on the proper civil complaint form.

Accordingly, it is **ORDERED** that Plaintiff must, within 30 days of the entry date of this Order, submit an amended complaint. In his amended complaint, Plaintiff is instructed to (1) draft his amended complaint on the complaint form provided by the Clerk of this Court; (2) clearly caption the amended complaint as

an amendment to his original complaint; (3) add no more than ten pages to the form; (4) write clearly and on only one side of each page; (5) provide the name of each intended defendant; (6) present each claim separately, with each claim limited to a single set of circumstances or events; (7) in each claim, provide only factual allegations concerning events in which he himself suffered some injury or deprivation, provide the date of the alleged injury or deprivation, clearly identify the action or omission of the defendant(s) that shows the defendant(s)' responsibility for the alleged injury or deprivation; (8) clearly state what relief he seeks from this Court; and (9) provide detailed information on all prisoner civil actions that he previously has filed, including the names of parties, dates, court, docket number, disposition, and relationship (if any) to the present lawsuit. Plaintiff is advised that his amended complaint shall supersede and replace his previous pleadings in this case.[2]

During the pendency of his case, Plaintiff must keep the Clerk of Court advised of his correct address at all times. Plaintiff is admonished that this action shall be subject to dismissal if he fails to submit an amended complaint within the

---

[2] Plaintiff cites to *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345 (8th Cir. 1994), in his complaint to justify his actions. (Doc. 1 at 6.) In light of the activities in which Plaintiff engaged for which he was criminally charged and convicted, and in light of the close resemblance of Plaintiff's current lawsuit to those criminal activities, Plaintiff should discuss *Olan Mills* and its relevance in detail in his amended complaint.

7

specified period of time, fails to comply with any other of the Court's orders, or fails to keep the Clerk of Court advised of his current address at all times while this action is pending. *See* LR 41.2(B), 41.3(A)(2), NDGa. If Plaintiff does not wish to proceed with this action, he should file a notice voluntarily dismissing this action.

The Clerk is **DIRECTED** to forward a civil complaint form stamped with the case number for this action to Plaintiff together with a copy of this Order. The Clerk is further **DIRECTED** to resubmit this action to the undersigned upon receipt of the amended complaint or at the expiration of the aforementioned time period.

Plaintiff has also filed a motion to issue summons (Doc. 3) as well as a motion for extension of time to complete service (Doc. 4). However:

> Because the time spent waiting for a 28 U.S.C. § 1915(e) or 28 U.S.C. § 1915A determination is not within the control of the plaintiff, and because the 120 day period specified in [Federal Rule of Civil Procedure 4(m)] can expire while a plaintiff is waiting, once a plaintiff submits a complaint within the limitations period, the 120 day period is suspended until the district judge authorizes the issuance of the summons and service of the complaint.

*Goni v. Halloran*, No. 07-21759-CIV, 2008 WL 5111262, at *1 (S.D. Fla. Dec. 3, 2008). Accordingly, Plaintiff's motion to issue summons (Doc. 3) and motion for extension of time to complete service (Doc. 4) are **DENIED as unnecessary**.

**IT IS SO ORDERED**, this 24th day of January, 2025.

_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE