Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 1 1 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia 

Atlanta Division

_Paul Hansmeier_
**Plaintiff(s)**
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

_Martez English_
**Defendant(s)**
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. 1:24-CV-02335-SDG-RDC
(to be filled in by the Clerk's Office)

Jury Trial: (check one) ☒ Yes ☐ No

AMENDED COMPLAINT

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Paul Hansmeier |
| Street Address | P.O. Box 1000 |
| City and County | Sandstone, MN 55072 |
| State and Zip Code | Reg. No. 20953-041 Unit F |
| Telephone Number | |
| E-mail Address | |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
   Name                         Martez English
   Job or Title *(if known)*
   Street Address
   City and County
   State and Zip Code
   Telephone Number
   E-mail Address *(if known)*

Defendant No. 2
   Name
   Job or Title *(if known)*
   Street Address
   City and County
   State and Zip Code
   Telephone Number
   E-mail Address *(if known)*

Defendant No. 3
   Name
   Job or Title *(if known)*
   Street Address
   City and County
   State and Zip Code
   Telephone Number
   E-mail Address *(if known)*

Defendant No. 4
   Name
   Job or Title *(if known)*
   Street Address
   City and County
   State and Zip Code
   Telephone Number
   E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question     ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

17 U.S.C. § ~~100~~ 101 et seq.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Page 3 of 5

b.  If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ATTACHED

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHED

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2/4/25

Signature of Plaintiff

Printed Name of Plaintiff   Paul Hansmeier

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

01/31/2025

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Paul Hansmeier, <br><br> Plaintiff, <br><br> v. <br><br> Martez English, <br><br> Defendant. | Case No. 1:24-cv-02335-SDG-RDC |

## PLAINTIFF PAUL HANSMEIER'S
## SUPPLEMENT TO FIRST AMENDED COMPLAINT

### Nature of the Case

1. Plaintiff files this action for copyright infringement under the United States Copyright Act. Defendant Martez English ("Defendant") knowingly and unlawfully reproduced Plaintiff's copyrighted works. Plaintiff seeks a permanent injunction, statutory or actual damages, an award of costs and all other relief the Court deems just and equitable to curb this behavior.

### The Parties

2. Plaintiff Paul Hansmeier is a natural person who lives in Sandstone, Minnesota, and is the author and copyright holder of the works at issue in this action.

3. The creative works at issue in this action are Plaintiff's poetic works. The works are specifically identified in Exhibit A to this Supplement along with their registration number (the "Works").

4. Defendant Martez English is a natural person who lives in Lithonia, Georgia. Defendant used IP address 76.17.123.213 on April 24, 2024, to unlawfully reproduce the works.

## Jurisdiction and Venue

5. The Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement under 17 U.S.C. § 101, *et seq.* (the "Copyright Act"), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights).

6. The Court has personal jurisdiction over Defendant because Defendant lives in the State of Georgia and committed the acts alleged herein in the State of Georgia.

7. Venue is properly founded in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant resides in this District and a substantial part of the events giving rise to the claims in this action occurred within this District.

## Background

A. **The Works and Defendant's infringement.**

8. Plaintiff is the author of several poetic works. The subject matter of the poetic works includes interpretations of the federal criminal justice system, descriptions of the day-to-day life of a federal prisoner, descriptions of cases that impact the federal prisoner and random musings.

9. The poetic works are available for sale on the Internet.

10. Plaintiff published the Works on the Internet via his website. Plaintiff's website contains a disclaimer warning visitors against downloading the Works without obtaining Plaintiff's express written permission and a copyright notice identifying Plaintiff as the Works' copyright holder.

On April 24, 2024, notwithstanding the copyright notice and Plaintiff's disclaimer, Defendant used IP address to 76.17.123.213 to access Plaintiff's website and reproduce the Works without Plaintiff's authorization.

2

### Allegations Common to All Counts

12. Plaintiff is the author and owner of the Works.

13. The Works are registered with the Library of Congress. Their titles and registration numbers are identified in Exhibit A.

14. The Works are marked with a copyright notice that would provide an ordinary individual with notice that the Works are protected by the copyright laws of the United States.

15. Defendant, on April 24, 2024, using IP address 76.17.123.213, without Plaintiff's authorization or license, intentionally reproduced the Works.

### Count 1—Copyright Infringement

16. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

17. Defendant's conduct infringes on Plaintiff's exclusive right of reproduction.

18. Defendant knew or had constructive knowledge that his acts constituted copyright infringement of the Works.

19. Defendant's conduct was willful within the meaning of the Copyright Act, intentional, and with indifference to Plaintiff's rights.

20. Plaintiff has been damaged by Defendant's conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate Plaintiff for all of the possible damages stemming from his conduct.

21.   Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

22.   As Defendant's infringement was intentional and willful, Plaintiff is entitled to an award of statutory damages, exemplary damages, attorney's fees, and the costs of suit.

**Supplemental Allegations Pursuant to the Magistrate Judge's Complaint Screening Order**

23.   The Magistrate Judge issued a complaint screening order[1] which ordered Plaintiff to produce supplemental allegations specific to the following issues: (a) what actions Defendant took to infringe Plaintiff's Works; (b) how Plaintiff knows that Defendant was the person associated with IP address 76.17.123.213; and (c) the relevance of *Olan Mills, Inc. v. Linn Photo. Co.*, 23 F.3d 1345 (8th Cir. 1994) to this case.

A.   Actions Defendant took to infringe Plaintiff's Works.

24.   On April 24, 2024, Defendant's nephew sent him a hyperlink via the Facebook messenger app.

25.   The hyperlink pointed to a portable document file containing Plaintiff's Works that was hosted on Plaintiff's website

26.   Defendant activated the hyperlink, which brought up the portable document file on his cell phone.

27.   Defendant copied the portable document file (and thus Plaintiff's Works) to his cell phone.

---

[1] The Prison Litigation Reform Act authorizes complaint screening in lawsuits that are filed by prisoners against a government official or without prepayment of court fees. Neither of these circumstances are present here. The defendant is not a government official. Hansmeier paid the civil complaint filing fee. There is no apparent statutory basis for complaint screening in this case.

4

B.      Plaintiff's basis for believing that Defendant was the person associated with IP address 76.17.123.213.

28.      Plaintiff was informed that Defendant likely downloaded the portable document file. Plaintiff was further informed that the download occurred via the Facebook messenger cell phone app.

29.      Plaintiff's server logs confirmed a download of the portable document file by IP address user 76.17.123.213 on the date and time Defendant was alleged to have downloaded the portable document file. The server logs further confirmed that the download occurred via Facebook's messenger app.

30.      This information was corroborated by geolocation. A geolocation search of IP address 76.17.123.213 revealed that IP address 76.17.123.213 resolved to the Atlanta, Georgia area, which is where Defendant was when he allegedly downloaded Plaintiff's Works.

31.      This information was corroborated by a printout of the Facebook messenger log. The messenger log showed that Defendant received the link to the portable document file via his Facebook messenger account[2] on the date and time that Defendant was alleged to have downloaded the portable document file.

32.      This information was corroborated by a transcript of a voice message Defendant left via Facebook messenger on the date and time of Defendant's download, in which Defendant mentioned in passing the contents of the copyright notice on Plaintiff's Works.

---

[2] Plaintiff's basis for believing that Defendant is the account holder of the Facebook messenger account in question is that: (a) third-parties who are familiar with Defendant's social media accounts confirmed that the Facebook messenger account was Defendant's account; (b) the account name is an abbreviation of Defendant's full name; and (c) during the Facebook messenger session, Defendant sent a message containing his cell phone number and the number is known to be Defendant's cell phone number.

C.      The relevance of *Olan Mills*.

33.     *Olan Mills* and subsequent decisions are relevant to this case because they analyze the issue that Plaintiff expects will be presented if Defendant elects to assert an affirmative defense to Plaintiff's prima facie claim.

34.     From Plaintiff's perspective, there is overwhelming evidence that Plaintiff owns the copyrights to the Works and that Defendant copied the Works. Plaintiff does not expect Defendant to raise a plausible challenge to the facts supporting Plaintiff's prima facie claim of copyright infringement.

35.     Defendant is the master of his defense, and he may have defenses that Plaintiff cannot anticipate at this time. In Plaintiff's experience, however, if Defendant elects to defend against Plaintiff's claim, he will do so by asserting the affirmative defense that Plaintiff "authorized" him to copy the works.

36.     The crux of this anticipated defense is an argument that Plaintiff's motive for publishing the Works on the Internet was to catch infringers versus marketing the Works in a traditional manner.

37.     Plaintiff believes this defense is frivolous. In the *Harrington v. Aerogelic Ballooning, LLC*, 18-cv-2023 (MSK/NYW) (Aug. 8, 2019) case cited in Exhibit B to Plaintiff's original complaint, the U.S. District Court for the District of Colorado excoriated a defendant's attorney for asserting this theory of authorization. As the Court explained, simply because it is possible to download a photo and use it without payment and whether it is legal to do are distinct questions, just as whether it is possible to take an unlocked bike from a neighbor's porch without permission is a different question is a different question from whether it is legal to do so.

38.     Although Plaintiff believes an authorization affirmative defense would be frivolous, Plaintiff nevertheless discloses the possibility of such an affirmative defense.

6

After much litigation, the Eighth Circuit Court of Appeals justified Plaintiff's criminal conviction in part by the fact that Plaintiff's team failed as officers of the court to affirmatively disclose their publication of works to the Internet and their motives for doing so.[3]

D.   The public policy interests served by Plaintiff's copyright enforcement litigation.

39.   Federal prisoners spend significant sums of money on purchasing creative works, including movies, television shows and music. Federal prisoners do so because it is difficult and risky for them to pirate creative works.

40.   The general public spends very little money in comparison to federal prisoners on creative works. This is because it is easy and riskless for the general public to pirate creative works.

41.   Piracy limits the public's access to creative works because it disincentives creative professional from publishing their works.

42.   Plaintiff has met several music industry figures during his term of imprisonment. Plaintiff has learned that prominent musical artists and the estates of artists who have passed are leaving significant portions of their catalogs unpublished. The age of piracy leaves them unable to monetize their catalog though publication.

---

[3] Plaintiff would respectfully urge caution in the Court informing itself about Plaintiff via unreliable sources, such as Internet articles. For example, the Court cited an ArsTechnica Internet article for the proposition that Plaintiff has been filing copyright infringement lawsuits from federal prison. Contrary to that reporting, as far as Plaintiff is aware, this is the first copyright infringement lawsuit he has filed during his term of imprisonment. Plaintiff would commend primary sources, such as the federal courts' PACER system and the appellate opinion in his case for information about his litigation activities and the basis for his conviction.

7

43. Plaintiff witnessed this phenomenon first hand in the adult industry during the 2010's. Scores of producers left the business and abandoned their unpublished works because the age of piracy had eliminated the market for their creative works.

44. Creative professionals who file copyright infringement actions against their fan base risk damaging their brand. Metallica, for example, famously alienated their fan base in the early-2000's when Metallica's drummer, Lars Ulrich, spoke out in favor of copyright infringement lawsuits against people who were pirating their music via Napster.

45. It is uncommon for smaller creative professionals to enforce their copyrights because of the expense and uncertainty of recovery in copyright enforcement lawsuits.

46. Plaintiff's litigation serves as an important check against piracy. Though imperfect, Plaintiff's copyright enforcement tactics were extremely effective in deterring piracy. Moreover, Plaintiff is immune from the reputational attacks that deter other creative professionals from filing copyright infringement lawsuit because he has no reputation to destroy.

47. Plaintiff has learned from the mistakes he made in his prior litigation and is attempting to proactively address those mistakes in this litigation.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests Judgment and relief as follows:

1) A declaration that Defendant: a) willfully infringed Plaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint;

2) Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at Plaintiff's election, in an amount to be ascertained at trial;

3)   An order of impoundment under 17 U.S.C. §§ 503 and 509(e) impounding all infringing copies of the Works that are in Defendant's possession or under his control;

4)   Judgment in favor Plaintiff against Defendant awarding Plaintiff his litigation expenses (including fees and costs of expert witnesses) and other costs of this action; and

5)   Judgment in favor of Plaintiff against Defendant awarding Plaintiff declaratory and injunctive relief or other equitable relief as may be just and warranted under the circumstances.

Respectfully submitted,

Dated: February 4, 2025

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

### Prison Mailbox Rule Certification

I certify under the penalty of perjury that on February 4, 2025 I placed Plaintiff's First Amended Complaint and Supplement in the prison mailbox system addressed to the Clerk of Court with prepaid First Class U.S. Mail postage.

Paul Hansmeier

COMMITTED NAME: Paul Hansmeier
REG. NO. & QTRS.: 20953-041 Unit F
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
SANDSTONE, MN 55072





⇔20953-041⇔
Clerk Of Court
75 TED Turner DR SW
Room 2211
Atlanta, GA 30303-3361
United States

CLEARED DATE

FEB 1 1 2025

U.S. Marshals Service
Atlanta, GA 30303

30303$3318 C039