FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 1 7 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Paul Hansmeier,

        Plaintiff,

v.                                    Case No. 1:24-cv-02335-SDG-RDC

Martez English,

        Defendant.

## PLAINTIFF PAUL HANSMEIER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUANCE OF SUMMONS

The Clerk of Court should issue summons because there is no lawful basis for withholding the issuance summons under the Prison Litigation Reform Act. Hansmeier's claims are asserted against a private party and Hansmeier has paid the full filing fee.

### Background

Plaintiff Paul Hansmeier filed the above-captioned action in mid-2024, paid the full filing fee, and requested issuance of the summons from the Clerk of Court. The Magistrate Judge blocked the Clerk's issuance of summons, citing the Prison Litigation Reform Act's complaint screening provisions and ordered Hansmeier to submit a first amended complaint. Hansmeier did so in a timely manner and has been waiting ever since for the Magistrate Judge to take further action. In other words, this action has been sitting dormant for nearly two years while evidence spoils and the claims grow stale. Hansmeier paid the full filing fee and Defendant English are private parties.

### Argument

The Prison Litigation Reform Act's mandatory "complaint screening" provisions—principally, 28 U.S.C. §§ 1915A and 1915(e)(2)—do not apply where (1) a prisoner sues only

private parties (not a governmental entity, officer, or employee) and (2) the prisoner has paid the full filing fee at the initiation of suit.

## I.     Legal standard

Under the Prison Litigation Reform Act ("PLRA"), some complaints filed by prisoners are subject to screening, in which the assigned judge makes a pre-summons determination whether the complaint states a claim upon which relief may be granted. All other complaints proceed as ordinary civil complaints.

Section 1915A(a) requires screening only in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Eleventh Circuit describes § 1915A the same way, *i.e.*, as the PLRA's "early screening provision," triggered by suits "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020) (quoting the statute).

Section 1915(e)(2) is part of the in forma pauperis statute and under persuasive circuit authority is inapplicable when the plaintiff is not proceeding IFP. The Sixth Circuit holds: "§ 1915(e)(2) applies only to in forma pauperis proceedings." *Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir. 1999). The Fifth Circuit similarly states: "As Appellant was not proceeding in forma pauperis, his complaint could not be dismissed pursuant to § 1915(e)(2)." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). And the Ninth Circuit explains that § 1915(e)(2) "applies to prisoner proceedings in forma pauperis." *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

Separate from PLRA screening, federal courts maintain inherent authority to manage patently frivolous litigation, but that is not "PLRA screening." That inherent power does not expand § 1915A beyond its statutory trigger (governmental defendants) and does not transform a fee-paid private-party case into a PLRA-screened case.

2

II.     Section 1915A does not apply because Hansmeier's compliant does not seek redress
        from a governmental entity, officer or employee

        The controlling text of § 1915A limits mandatory screening to prisoner civil actions

"in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." That condition is absent when, as here, the only defendants are

private parties. The Eleventh Circuit's description of § 1915A tracks the statutory trigger

and confirms the limiting principle: the "early screening provision" applies to complaints "in

which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." *White*, 947 F.3d at 1379. The straightforward implication for this

Court is that § 1915A is not in play in this case, as both Hansmeier and Mr. English are

private parties.

III.    Section 1915(e)(2) does not apply because Hansmeier is not proceeding in forma
        pauperis

        The argument for non-application of § 1915(e)(2) is even more direct in a fully-fee

paid case. Section 1915 is the "Proceedings in forma pauperis" statute; § 1915(e)(2) is its

screening dismissal mechanism. The Sixth Circuit's holding is categorical: "§ 1915(e)(2)

applies only to in forma pauperis proceedings." *Benson*, 179 F.3d at 1015. The Fifth and

Ninth Circuits agree in substance. *Bazrowx*, 136 F.3d at 1054 ("not proceeding in forma

pauperis could not be dismissed pursuant to § 1915(e)(2)"); *Marks*, 98 F.3d at 495 (statute

"applies to prisoner proceedings in forma pauperis").

IV.     Neither PLRA screening hook applies to Hansmeier's claims

        Because Hansmeier paid the filing fee and his claims are asserted against a private

party, neither PLRA screening hook applies: § 1915A applies because the defendants are

not governmental; § 1915(e)(2) fails because Hansmeier is not proceeding in forma

pauperis.

3

## Conclusion

In the Eleventh Circuit, PLRA complaint screening is inapplicable where a prisoner sues only private parties and has paid the full filing fee. Section 1915A does not apply to this case because its text and the Eleventh Circuit's articulation of it limits screening to cases seeking redress from governmental entities, officers, or employees. Section 1915(e)(2) does not apply to this case because persuasive circuit authority holds it applies only to in forma pauperis proceedings, and a fee-paid case, such as this, is not such a proceeding.

Respectfully submitted,

Dated: ___2 - 9 - 26___

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

4

COMMITTED NAME: Paul Mansmenn
REG. NO. & QTRS.: 20953-041  Unit F
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
SANDSTONE, MN 55072

SAINT PAUL MN  550

11 FEB 2026   PM 3   L

⇔20953-041⇔
Clerk Of Court
75 TED Turner DR SW
Room 2211
Atlanta, GA 30303-3361
United States

CLEARED DATE

FEB 1 / 2026

U.S. Marshals Service
Atlanta, GA 30303

30303-331661