IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PAUL HANSMEIER, Plaintiff, | : | PRISONER CIVIL ACTION 28 U.S.C. § 1331 |
| v. | : | |
| MARTEZ ENGLISH, Defendant. | : | CIVIL ACTION NO. 1:24-CV-02335-SDG-RDC |

**ORDER**

Plaintiff Paul Hansmeier, confined at Federal Correctional Institution Sandstone in Sandstone, Minnesota, filed an amended complaint alleging copyright infringement. (Doc. 6.) Plaintiff has paid the filing fee.

Plaintiff has filed two motions. First, Plaintiff filed a motion for extension of time for service pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 7.) For good cause shown, Plaintiff's motion is **GRANTED**. Service must be completed within 60 days of this Order.

Next, Plaintiff filed a motion for issuance of summons. (Doc. 8.) Plaintiff correctly points out that, because he paid the filing fee and is not suing a governmental entity or officer or employee of such entity, 28 U.S.C. § 1915A does not apply to this action.[1] (Doc. 8-1 at 3.) For good cause shown, Plaintiff's motion

[1] Although the Court need not screen the complaint pursuant to 28 U.S.C. § 1915A, the Court continues to be "gravely concerned," (Doc. 5 at 2), regarding

for issuance of summons (Doc. 8) is **GRANTED**.[2] However, because he is not proceeding in forma pauperis, Plaintiff is reminded that he is not ordinarily entitled to Court-assisted service of process. Plaintiff must arrange for his own service of his complaint.

**IT IS SO ORDERED**, this 14th day of August, 2026.

REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE

---

the propriety of the instant lawsuit and retains its inherent authority to take appropriate action. Nevertheless, the Court need not delve further into this issue at this time.

[2] It is not readily apparent from the docket whether Plaintiff filed a summons with the Clerk of Court. To the extent he did not do so, he must do so forthwith.